**STATE, Plaintiff-Appellee, v. HANSEN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22705. Decided February 2, 1953.

Joseph H. Crowley, Law Director, August Bessaney, Asst. Police Prosecutor, Cleveland, for plaintiff-appellee.

Milton Firestone, Cleveland, for defendant-appellant.

508

(HUNSICKER, PJ, DOYLE, J, STEVENS, J, of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By DOYLE, J:

The appellant, Ann Hansen, was found guilty in the Municipal Court of the City of Cleveland of unlawfully residing in or occupying "a certain house room at 5801 Hough Avenue, for the purpose of prostitution and lewdness." (Sec. 13031-13 GC.) Pursuant to the overruling of a motion for a new trial, the accused was sentenced to one year in the workhouse. An appeal to this court on questions of law lodges the case here for review.

Among the various assignments of error are the following:

"* * *

4. That the verdict is contrary to law.

* * *

6. That the verdict was manifestly contrary to the weight of the evidence."

To these assignments of error we now direct our attention.

In the Bill of Exceptions appears a recitation of the entire evidence which necessarily formed the basis for the conviction. It appears in its entirety on but one page. It is to the effect that three police officers at about ten o'clock in the evening journeyed to the defendant's residence; three men were seen to enter the building; in about ten minutes two of the officers knocked on the front door and were admitted by the defendant. Upon entering the living room they observed the three men quietly and orderly sitting there; one of the men, in response to a question from an officer, said that "he had come there to have a party and that the price therefor was $10.00 which he felt was too much money." This statement was immediately denied by the defendant. The officer who testified to the foregoing, in answer to the question, "Did you see any act of vice committed or about to be committed?" said, "No."

The third officer went to the rear of the house and testified that he "looked into the bathroom window through a hole in the window shade and saw the defendant * * * in the bathroom, stripped to the waist; that a few minutes later he saw a man, fully clothed, alone in the bathroom." The officer continued by saying that he was unable to tell what the man was doing.

The foregoing constitutes the entire evidence which furnished the basis for conviction, except for the additional fact that the defendant was dressed in a bathrobe.

It will be observed that there is no evidence indicating the reputation of the defendant or the reputation of the house in which she lived. (§13031-15 GC.) For aught that appears, the defendant was a person of good repute. The hearsay testimony of the officer relative to the state-

ment of one of the guests, even if admissible and believed, falls far short of proof beyond a reasonable doubt that the accused resided in the house "for the purpose of prostitution and lewdness." The record of evidence presented here is an excellent illustration of a failure of proof in a criminal case. This court cannot, and will not, affirm the conviction when the evidence at most indicates only a bare suspicion of guilt. The degree of proof is beyond a reasonable doubt.

The judgment will be reversed and final judgment will be entered for the defendant and the accused will be discharged.

Judgment reversed and final judgment for defendant appellant. Exceptions noted. Order see journal.

HUNSICKER, J, STEVENS, J, concur.